IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Howard Rutland, #0903032 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Berkeley County Sheriff )<br>Wayne Dewitt, Capt. Barry )<br>Currie, Lt. Butch Rivers, )<br>Sgt. Kris Jacuman, and )<br>Sgt. Rosemary Sanders, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 8:09-1717-SB-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendants' Motion for Summary Judgment. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on June 26, 2009, seeking damages for alleged civil rights violations. On August 21, 2009, the Defendants filed a motion for summary judgment. By order filed August 21, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 11, 2009, the Plaintiff filed a response opposing the Defendants' Summary Judgment Motion.

**FACTS**

The Plaintiff is a pre-trial detainee at the Berkeley County Detention Center ("BCDC"). In his Complaint, he alleges that he was injured when he was assaulted by two

BCDC inmates.[1] The Plaintiff alleges that almost immediately after he was placed in the BCDC on March 3, 2009, he was threatened by other violent inmates and he feared for his safety and life. (Compl. at 3.) He alleges he requested protective custody and he was placed in cell A-2.

The Plaintiff states that in late April or early May, a violent, convicted felon, J.D. Gray, was transferred from the general population for disciplinary reasons into the maximum security A-Pod. *Id.* Then, the Plaintiff alleges a few days later, another violent, convicted felon was also placed into protective custody in A-Pod. *Id.* The Plaintiff alleges that as he slept on May 15, 2009, these two inmates plotted to injure him. *Id.* He alleges that at 3:00 p.m. on that day, he was awakened by inmate Gray punching him in the face twice and that Gray then placed his hands over the Plaintiff's nose and mouth cutting off his oxygen. *Id.* The Plaintiff states he was moved to another room by the Defendant Kris Jacuman, but he continues to be threatened by inmate Gray. (Compl. at 3.) The Plaintiff alleges that after inmate Gray was moved, the other inmate punched him in his mouth causing lacerations and bleeding and an Officer Tippens observed the assault. *Id.* He also alleges he has suffered a near fatal head injury and he cannot withstand beatings like this. *Id.*

The Plaintiff is seeking punitive damages for pain and suffering and "federal intervention." (Compl. at 4.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1] The Plaintiff has another action pending in this Court which is based on the same incident, but names a different defendant. *Rutland v. Sheets*, C/A No. 8:09-1823-SB-BHH The undersigned prepared a report and recommendation recommending dismissal without prejudice and without service in that case.

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The Plaintiff alleges that the Defendants failed to protect him from other inmates. The Defendants contend that the Plaintiff has failed to state any § 1983 claims. The undersigned agrees.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).[2] However, not every injury suffered by one inmate at the hands of other inmates constitutes liability for the prison officials responsible for the victim's safety. *Id.* at 835. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Id.* at 828. "[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

Applying these principles to the facts alleges in the Compliant, the undersigned concludes that the Plaintiff fails to state facts sufficient to establish a claim for failure to protect. The Plaintiff does not present any evidence to show that the Defendants named in his Complaint knew of a specific risk of harm to the Plaintiff and consciously disregarded

---

[2]Although the conditions of confinement of pretrial detainees are evaluated under the Fourteenth Amendment, rather than the Eighth Amendment, which protects the rights of convicts, the analysis of a detainee's claim mirrors that of a convict's claim. And, so, federal courts have relied on decisions construing the Eighth Amendment in evaluating pretrial detainees' claims under the Fourteenth Amendment. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); see also *Chisolm v. Cannon*, 2006 WL 361375 at *3 (D.S.C. Feb.15, 2006).

that risk. He does not allege that prison personnel were aware of the risk of an assault, and the Plaintiff acknowledges that Sgt. Jacuman responded to the assault by removing inmate Gray from the Plaintiff's cell and that the Plaintiff was moved to another cell following the second assault. Based on the foregoing, the Plaintiff has failed to state a claim regarding failure to provide protection from assault.

To the extent that the Plaintiff is alleging a claim of medical indifference (Pl.'s Mem. Opp. Summ .J. Mot. at 1), the undersigned also concludes that the Plaintiff fails to state such a claim. Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eight Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer,* 511 U.S. at 847. The government is required to provide medical care for incarcerated individuals. *Estelle,* 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. 97. In conclusory fashion, the Plaintiff merely states he was denied medical care. Furthermore, the Plaintiff fails to allege any injury. Without more, the Plaintiff has failed to allege a claim of medical indifference.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 14) be GRANTED and the Complaint be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks  
United States Magistrate Judge

November 4, 2009  
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).